PAUL D. CASS, ESQ., CA Bar No. 100484
3055 Wilshire Boulevard, Suite 900
Los Angeles, California 90010-1164
Tel.:   (213) 487-1595
Fax:    (213) 380-8143
E-Mail: pdcesq@sprynet.com


Attorney for Plaintiff
ByteDance Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA,

SAN JOSE DIVISION

| | |
|---|---|
| BYTEDANCE INC., a Delaware corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>MERRICK GARLAND, ATTORNEY GENERAL OF THE UNITED STATES; ALEJANDRO MAYORKAS, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; UR MENDOZA JADDOU, DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; DANIEL M. RENAUD, DIRECTOR, USCIS VERMONT SERVICE CENTER; CHRISTOPHER WRAY, DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>　　　　　　　　　　Defendants. | Case No.:<br><br><br>COMPLAINT FOR: WRIT OF MANDAMUS; VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT; AND DECLARATORY RELIEF<br><br>**IMMIGRATION CASE** |

1

Complaint for Writ of Mandamus etc. Re: H-1B Premium Processing Delay

Plaintiff ByteDance Inc., by its attorney, complaining of defendants, and each of them, alleges as follows:

1. This is a lawsuit brought by Plaintiff ByteDance Inc. (hereinafter, "plaintiff" or "ByteDance") for a Writ of Mandamus and a judgment for violation of the Administrative Procedure Act, to compel the defendants to: (a) expeditiously complete any required background checks, if not already completed; and (b) expeditiously render a decision on ByteDance's long-pending H-1B nonimmigrant petition filed on behalf of its employee, Ms. Yunzhu Li (hereinafter, "Ms. Li"). Plaintiff also seeks a Declaratory Judgment on the same grounds.

**PARTIES**

2. ByteDance is a Delaware corporation, qualified to conduct business and with its principal place of business in the City of Mountain View, California, in Santa Clara County, within the geographic jurisdiction of this Court.

3. Defendant Merrick Garland is the current Attorney General of the United States. The Attorney General has been conferred the authority to adjust the status of aliens by Section 245(a) of the Immigration and Nationality Act (hereinafter, the "INA"), 8 U.S.C. §1255(a). Defendant Garland is sued here in his official capacity.

4. Defendant Alejandro Mayorkas is the current Secretary of the Department of Homeland Security (hereinafter, the "DHS"). As of March 1, 2003, DHS is the agency responsible for implementation and enforcement of the INA, and the Secretary of DHS is further authorized to delegate such powers and authority to subordinate employees of DHS pursuant to 8 U.S.C. § 1103(a) and 8 C.F.R. § 2.1. Defendant Mayorkas is sued in his official capacity.

5. Defendant Ur Mendoza Jaddou is the current Director of the United States Citizenship and Immigration Services (hereinafter, the "USCIS"), an agency within DHS to which the Secretary's authority has in part been delegated and which is subject to the Secretary's supervision. The Director of the USCIS is generally charged with the overall administration of immigration benefits and services, including but not limited to the provisions under which aliens in the United States may have their status changed to another nonimmigrant status. Defendant Jaddou is sued in her official capacity.

2

Complaint for Writ of Mandamus etc. Re: H-1B Premium Processing Delay

6. Defendant Daniel M. Renaud is the current Director of the USCIS's Vermont Service Center (hereinafter, the "VSC"), and is sued herein in his official capacity. The VSC is responsible for the grant or denial of petitions for change of nonimmigrant status that are filed for adjudication at the VSC.

7. Defendant Christopher Wray is the Director of the Federal Bureau of Investigation (hereinafter, the "FBI"), a component of the Department of Justice, and is sued in his official capacity. The FBI has responsibility to complete certain name checks, security checks and other background checks for USCIS and other Federal agencies. Plaintiff has been informed multiple times that adjudication of its USCIS petition for change of Ms. Li's nonimmigrant status from F-1 Student to H-1B "Specialty Occupation Worker" that is the subject of the within action (hereinafter, the "H-1B Petition") has not been completed because unspecified "background checks" have not been completed. Accordingly, Defendant Wray is sued in the within action based on the possibility that any delay in adjudication of that H-1B Petition is due in part to the FBI's failure to timely complete any required background check.

8. Plaintiff does not presently know the identities of the defendants sued herein as Does 1 through 10, inclusive, and includes said fictitiously named defendants only out of an abundance of caution. Plaintiff is informed and believes that such fictitiously named defendants, who are sued in their official capacities, are responsible in some manner for the failure to complete adjudication of the H-1B Petition that is the subject of the within action within the "reasonable time" required. Plaintiff will amend this Complaint to allege the names and official capacities of said fictitiously named defendants, when and if the same are ascertained

## JURISDICTION

9. This Court has jurisdiction over the within action pursuant to 28 U.S.C. §§ 1331 (federal question), and 1346(b), in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a defendant. This Court also has jurisdiction over the present action pursuant to 28 U.S.C. § 1361, providing for original jurisdiction of "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"; the Administrative Procedure Act (hereinafter, the "APA"), 5 U.S.C. §§ 702 -706 and 555(b); and 28 U.S.C. § 2201(a), the Declaratory Judgment Act.

3

Complaint for Writ of Mandamus etc. Re: H-1B Premium Processing Delay

**VENUE**

10. Venue in the Northern District of California, San Jose Division, is appropriate under 28 U.S.C. § 1391(e)(1), because plaintiff resides in this District and Division; the defendants are "[officers] or [employees] of the United States or any agency thereof acting in [their] official capacity or under color of legal authority"; and no real property is involved in the action.

**STATEMENT OF FACTS**

11. ByteDance is a mission-driven global technology company that develops a suite of products built upon the foundation of creative expression and connection. Its mission is to inspire creativity and enrich life with a range of joyful and entertaining experiences across a diverse portfolio of products. Its vision is to develop technologies that inspire creativity for its users and provide them with unique engagements through our platforms. To maintain its leading position in internet technology, ByteDance regularly hires and employs highly qualified workers, many of whom are foreign workers. ByteDance files numerous petitions every year with the USCIS for foreign workers it hires, in order to accord them legal immigration status and employment authorization in the United States.

12. ByteDance files petitions with USCIS for many foreign workers each year in the H-1B "Specialty Occupation Worker" nonimmigrant category. Because there are always more potential H-1B employees than there are H-1B "visa numbers" available for any given USCIS Fiscal Year (October 1 - September 30), for employees who are not already in H-1B status, but are being sponsored for "new employment," the USCIS requires that employers such as ByteDance enter potential employees' names into an annual "lottery," from which the names of employees who may be sponsored for each Fiscal Year are chosen. ByteDance spends a great deal of money each year in mandated filing fees, as well as attorney fees, to enter employees' names in the H-1B "lottery" and then, if their names are selected, to file Petitions for them.

13. As a matter of routine, and when available, in addition to the regularly required USCIS filing fees, ByteDance pays a further fee for so-called "Premium Processing Service," which is currently $2,500 but, in 2020, was $1,440. USCIS claims on its own website that this service "provides **expedited processing** for Form I-129, Petition for Nonimmigrant Worker, and Form I-140, Immigrant Petition for Alien Worker. **Specifically, we guarantee processing within 15 calendar days to those who choose to**

4

Complaint for Writ of Mandamus etc. Re: H-1B Premium Processing Delay

**use this service, or we will refund the premium processing service fee and will continue with expedited processing**." (Emphasis added.)  Petitions for H-1B designation are among those filed using USCIS Form I-129.

https://www.uscis.gov/forms/all-forms/how-do-i-request-premium-processing

14. Ms. Li's name was selected in the 2020 "lottery" for H-1B candidates for Fiscal Year 2021 (commencing October 1, 2020) and, on April 23, 2020, ByteDance filed the H-1B Petition, using USCIS Form I-129, to change her nonimmigrant status from F-1 Student to H-1B "Specialty Occupation Worker." ByteDance did not pay the extra fee for Premium Processing Service at that time, because in March 2020 USCIS had announced that it was temporarily suspending Premium Processing Service for all Form I-129 Petitions until further notice "due to Coronavirus 2019 (COVID-19)."

15. Although ByteDance's offices are located in Mountain View, California, and Ms. Li would be performing her H-1B work in Mountain View, normally within the jurisdiction of the USCIS's California Service Center, ByteDance nonetheless filed the H-1B Petition with the USCIS's VSC, pursuant to specific written direction from USCIS. The VSC accepted the filing fees and issued Receipt Number EAC2018951312.

16. On June 2, 2020, the VSC issued what is called a "Request for Further Evidence" ("RFE"), requesting further evidence on matters it deemed material to a decision on the H-1B Petition. The RFE required a response within 87 days, by or before August 28, 2020; however, due to the COVID-19 pandemic, USCIS had announced that response dates could be extended by an additional 60 days.

17. On October 22, 2020, ByteDance submitted its response to the RFE, within the 60-day "COVID Extension" period. As USCIS had by then resumed Premium Processing Service, ByteDance also included with the response a Form I-907 Request for Premium Processing Service and payment of the $1,440 filing fee for Premium Processing, which was accepted by the VSC.

18. Notwithstanding the "upgrade" to Premium Processing, the VSC not only did not complete adjudication of the H-1B Petition within the 15 days guaranteed by the USCIS, but it still has not even substantively communicated further with ByteDance, much less completed adjudication, now over 11 months after the delivery of the response to the RFE and the filing of the request for Premium Processing.

5

Complaint for Writ of Mandamus etc. Re: H-1B Premium Processing Delay

19. ByteDance has done all it could do to get the case adjudicated by means less drastic than filing a lawsuit, including: (to date) eleven separate inquiries to USCIS; request for Congressperson assistance; and seeking the aid of the DHS Ombudsman. None of these efforts has borne fruit, except that in response to a few inquiries, USCIS VSC has stated that the case was held in abeyance due to the necessity to complete a "background check," without specifying the reason for such "background check," the nature of such "background check," the time-frame for completion of such "background check," or the agency that is allegedly conducting such "background check." The VSC has also indicated that because of the "background check," the VSC would neither comply with the Premium Processing guidelines, nor refund the Premium Processing filing fee notwithstanding such failure to timely complete processing. ByteDance has received no assurance regarding the status of the alleged "background check," or when, if ever, the H-1B processing will be completed.

20. As a result of defendants' unconscionable delays in completing the processing of the H-1B Petition, both ByteDance and its employee, Ms. Li, have suffered, are continuing to suffer, and will suffer, significant hardship. ByteDance has a strong vested interest in obtaining appropriate work authorization and immigration status for the valued employees it hires, so that it can benefit from their specialized knowledge and skills. Although Ms. Li temporarily has employment authorization under the "STEM" extension of the post-graduation "Optional Practical Training" portion of her F-1 Student status, that employment authorization will expire in due course, and cannot be extended. Not knowing whether this employee will be granted long-term H-1B work-authorized nonimmigrant status makes it exceedingly difficult for both ByteDance's long-term and even shorter-term staffing decisions and calculations. Moreover, ByteDance has to make decisions regarding sponsoring of employees for H-1B status for the next H-1B application lottery "season," which officially begins in March of 2022, and for which ByteDance needs to start preparing very soon. ByteDance needs to know soon whether or not it will have to incur further substantial fees and costs to reapply for Ms. Li. It further needs to know whether or not it will be able to have this valuable employee in the future for workforce planning purposes. In addition, Ms. Li needs to be able to make major career and personal decisions based on the outcome of this H-1B process, as it will determine her continued ability to remain and work in the United States. This unconscionably long delay in adjudication and the lack of guidance leaves ByteDance and its

6

Complaint for Writ of Mandamus etc. Re: H-1B Premium Processing Delay

employee in limbo and under great stress, as neither has any predictability in financial or career planning. The delay in adjudication of the H-1B matter has, furthermore, commensurately delayed the employer's and employee's decisions regarding the normal "next step" of the process, namely ByteDance's sponsorship of Ms. Li for more permanent immigrant status.

21. ByteDance is informed and believes, and on the basis of such information and belief alleges, that there are no further available "administrative remedies" of which ByteDance or Ms. Li could avail themselves, or could have availed themselves, without having to resort to proceedings before this Court. Accordingly, ByteDance had and has no duty to have "exhausted" nonexistent administrative remedies before filing the within Complaint.

## FIRST CLAIM FOR RELIEF
## (MANDAMUS)

22. ByteDance re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 21 above.

23. The Mandamus statute, 28 U.S.C. § 1361, permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

24. Defendants have a nondiscretionary duty to adjudicate the H-1B Petition filed on behalf of Ms. Li, and their failure to adjudicate the H-1B Petition within a reasonable time constitutes an unlawful withholding or unreasonable delay of action on the H-1B Petition, and a failure to carry out the adjudicative and administrative functions delegated to them by law with regard to said H-1B Petition.

25. Plaintiff has no other adequate remedy available to it to compel defendants to adjudicate the H-1B Petition.

## SECOND CLAIM FOR RELIEF
## (ADMINISTRATIVE PROCEDURE ACT)

26. ByteDance re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 21 and 23 through 25 above.

27. Pursuant to 5 U.S.C. § 555(b), "**within a reasonable time**, each agency **shall** proceed to conclude a matter presented to it." (Emphasis added.) In addition, pursuant to 5 U.S.C. § 706(1), a reviewing court **shall** "compel agency action unlawfully withheld or unreasonably delayed."

7

Complaint for Writ of Mandamus etc. Re: H-1B Premium Processing Delay

28. By unlawfully and unreasonably withholding agency action of the H-1B Petition, defendants are violating the APA, and are denying ByteDance due process and equal protection of the laws guaranteed by the Fifth Amendment of the United States Constitution.

## THIRD CLAIM FOR RELIEF
## (DECLARATORY JUDGMENT)

29. ByteDance re-alleges and incorporates by reference, as if fully set forth herein, the allegations in Paragraphs 1 through 21, 23 through 25, and 27 through 28 above.

30. Pursuant to 28 U.S.C. § 2201(a), any court of the United States, upon the filing of an appropriate pleading, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree . . . ."

31. ByteDance desires, and is entitled to, a judicial declaration that defendants' unconscionable delay violates the INA, the APA, and the Constitution; that ByteDance has a clear right to the relief requested; that defendants had and have an obligation to complete processing of the H-1B Petition within a "reasonable" time; and that the present delay has not been "reasonable," and requests that the Court order defendants forthwith to take such actions as will bring them into compliance with their legal obligations.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Find that defendants' delay in completing the adjudication process has been unreasonable and in derogation of their duties; and order defendants to expeditiously complete all outstanding and required "background checks" and to adjudicate the H-1B Petition by or before 60 days from the filing of this Complaint, or within a reasonable period of time determined by this Court;

B. Retain jurisdiction during the adjudication of the H-1B Petition in order to ensure compliance with the Court's orders;

C. Award plaintiff reasonable costs, including attorney's fees to the extent authorized by law, pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, or any other enabling statute; and

8

Complaint for Writ of Mandamus etc. Re: H-1B Premium Processing Delay

D. Grant such other or further relief as the Court may deem just and proper.

Dated: September 30, 2021                               PAUL D. CASS, ESQ.

                                        By    /S/ Paul D. Cass
                                               _____
                                               Paul D. Cass
                                               Attorney for Plaintiff ByteDance Inc.

9

Complaint for Writ of Mandamus etc. Re: H-1B Premium Processing Delay